# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**JESSIE WIMSY JONES,**
**D.O.C. # M24331**

      **Plaintiff,**

**VS.**                                        **Case No. 4:22cv130-MW-MAF**

**T. DICKS, et al.,**

      **Defendants.**
_____/


## REPORT AND RECOMMENDATION

      Plaintiff initiated this case in the Southern District of Florida by submitting a complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 3.  The case was transferred to this Court in late March 2022.  ECF Nos. 4-5.  Noting that Plaintiff's in forma pauperis motion was insufficient as filed, an Order was entered directing Plaintiff to properly support his motion with copies of his inmate bank account statement for the period of time between September 1, 2021, and February 28, 2022.  ECF No. 7 at 2.

      In response, Plaintiff submitted another in forma pauperis motion, ECF No. 9, contending that he is unable to pay the filing fee.  Plaintiff did

not submit a full six month account statement with that motion, nor did he provide the time period stated.  *Id.*  Instead, Plaintiff provided a copy of his inmate bank account statement for the one month period of March 2022. *Id.* at 5.   That statement does not support Plaintiff's in forma pauperis motion.  Rather, the statement reveals an ending balance of $4,762.58.  *Id.*

The Prisoner Consent Form which must be submitted with an in forma pauperis motion includes this notice to prisoner plaintiffs in paragraph #2:

> If I submit a civil rights complaint or other civil action, the filing fee is $402.00.  If my current account balance is more than $402.00, I will not qualify for in forma pauperis status.

ECF No. 9 at 3.

Pursuant to federal in forma pauperis statute, a federal court may authorize the commencement of a civil lawsuit without prepayment of fees by a person who submits an affidavit showing "the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).  Because Plaintiff has adequate funds with which to pay the filing fee for this case, the in forma pauperis motion should be denied.  He should be provided 30 days in which to pay the $402.00 filing fee if he desires to proceed with this case.  Alternatively, Plaintiff may file a notice of voluntary dismissal under

Case No. 4:22cv130-MW-MAF

Federal Rule of Civil Procedure 41(a) should he decide not to pay the filing fee and continue this litigation.

In light of the foregoing, it is respectfully **RECOMMENDED** that: (1) Plaintiff's initial in forma pauperis motion, ECF No. 3, be **DENIED as moot**; (2) Plaintiff's second in forma pauperis motion, ECF No. 9, be **DENIED** because Plaintiff's account statement reveals he has sufficient funds to pay the filing fee for this case; (3) Plaintiff be provided 30 days in which to pay the $402.00 filing fee; and (4) this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 9, 2022.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.